**UNITED STATES DISTRICT COURT**
**EASTERN DISTRICT OF LOUISIANA**

| | |
|---|---|
| **FLORINE SHANLEY, ET AL.** | **CIVIL ACTION** |
| **VERSUS** | **NO:      12-3045** |
| **CHALMETTE REFINING, LLC.** | **SECTION: "E" (4)** |

<u>**ORDER**</u>

Before the Court are Plaintiffs, Florine Shaley, et al.'s (collectively "Plaintiffs") **Motion for Leave to File Second Supplemental and Amended Complaint (R. Doc. 39)**, seeking leave of court to file a second amended complaint to add an additional party-defendant, Air Products and Chemicals, Inc. *See* R. Doc. 39-1, p. 1. The motion is opposed. *See* R. Doc. 40. The underlying motion was heard by oral argument on Wednesday, March 19, 2014.

**I.      Background**

This action was removed from the Thirty-Fourth Judicial District Court for the Parish of St. Bernard, on February 27, 2012, pursuant to 28 U.S.C. § 1332(d)(2), under the Class Action Fairness Act ("CAFA"). *See* R. Doc. 1, p. 2, ¶ I. The proposed class of plaintiffs, Florine Shanley, Stephanie Byes, et al., (collectively "Plaintiffs") include all Louisiana residents who live or own property located in St. Bernard and Orleans Parishes, and who were exposed to and suffered any personal or property damages as a result of the emissions of sulfur dioxide and hydrogen sulfide, among other substances, from the Defendant, Chalmette Refining, L.L.C.'s ("Defendant") facility on or about October 10-11,

2011." *Id.* at ¶ 3.

On December 5, 2013, the Plaintiffs filed their First Amended Complaint, amending their original complaint to withdraw the reference to a proposed class and the definition thereof, and to indicate that the above referenced people were now the named plaintiffs in the class. *See* R. Doc. 29, p. 2, ¶III. Specifically, the amended complaint reads that "plaintiffs . . . all lived or owned property or were present in the Parishes of St. Bernard and Orleans on or about October 10-11, 2011." The Amended Complaint also alleges that the plaintiffs were "exposed to and suffered personal, emotional, and/or property damages, and other damages including past and future medical expenses, compensable out-of-pocket expenses, and other related compensatory damages as a result of the excessive emissions of sulfur dioxide and hydrogen sulfide . . . , from the [Defendant] on those same dates." *See* R. Doc. 29, p. 2, ¶III. Plaintiffs' complaint also added an additional 1,836 intervening plaintiffs to this action.  *See* R. Doc. 29-1, p. 1-205.

As to the instant motion, Plaintiffs seek to amend the First Amended Complaint to add Air Products and Chemicals, Inc., ("APC") as a defendant in this matter, pursuant to Fed. R. Civ. P. 15, 16 and 20, as Defendant, Chalmette Refining, identified this party as a potential defendant in this matter. *See* R. Doc. 39-1, p. 1.  In support of their motion, Plaintiffs contend that they seek to add APC as a defendant because they believe it to have contributed to the cause of the incident at issue in this matter. *Id.*

## II.    **Standard of Review**

Federal Rules of Civil Procedure ("Rule") 15(a), which governs the amendment of pleadings, provides that leave to amend pleadings "shall be freely given when justice so requires."  Rule 15(a)(2). This, and other federal rules, "reject the approach that pleading is a game of skill in which one misstep by counsel may be decisive to the outcome and accept the principle that the purpose of

pleading is to facilitate a proper decision on the merits." *Conley v. Gibson*, 355 U.S. 41, 48 (1957). Thus, Rule 15(a) evinces a liberal amendment policy and a motion to amend should not be denied absent a substantial reason to do so. *See Jacobsen v. Osborne*, 133 F.3d 315, 318 (5th Cir. 1998). Furthermore, "this 'policy' is strongest when the motion challenged is the first motion to amend." *Thompson v. New York Life Ins. Co.*, 644 F.2d 439, 444 (5th Cir. 1981). Permission may be granted even though the original pleading is defective in its statement of a claim for relief or defense. *Id.*

Leave to amend is by no means automatic, but is within the sound discretion of the trial court. *Addington v. Farmer's Elevator Mut. Ins. Co.*, 650 F.2d 663, 666 (5th Cir. 1981). In exercising its discretion, the trial court must determine that there is a "substantial reason" for the delay. *Mayeaux v. Louisiana Health Service and Indemnity Co.*, 376 F.3d 420, 425 (5th Cir. 2004). The Court may consider such factors as (1) undue delay, bad faith, or dilatory motive on the part of the movant; (2) repeated failure to cure deficiencies by amendments previously allowed; (3) undue prejudice to the opposing party by virtue of allowance of the amendment; and (4) futility of the amendment. *Gregory v Mitchell*, 634 F.2d 199, 203 (5th Cir. 1981).

**III**.     **Analysis**

Plaintiffs contend that they seek to timely amend the complaint to add APC as a defendant in this matter, pursuant to Fed. R. Civ. P. 15, 16 and 20, because the Defendant identified them as a party who may have contributed to the cause of the incident at issue in this matter. *See* R. Doc. 39-1, p. 1.

In opposition, the Defendant contends that on December 16, 2013, this Court held a status conference with it and counsel for Plaintiffs. *See* R. Doc. 40, p. 1. During the conference, the parties discussed whether they should join APC as a party to this litigation because "its actions [allegedly] caused a loss of oxygen that triggered the refinery release at issue" in this matter. *Id.* Furthermore,

3

counsel for Defendant contends that it produced documents to Plaintiffs on October 11, 2013, which revealed APC's involvement with this issue. *Id.* at 2.

However, Defendant contends that despite being aware of the existence of APC's existence and potential involvement as early as October 11, 2013, Plaintiffs did not seek leave to amend the complaint and add them into the instant matter until February 26, 2014, only two days before the amended pleading deadline set by this Court. *See* R. Doc. 32. Therefore, Defendant argues that the addition of this matter may affect the Scheduling Order and the deadlines set by this Court. As a result, it argues that Plaintiffs' motion be denied. *See* R. Doc. 40, p. 2.

In determining whether or not granting leave to amend is proper, the Court analyzes the *Gregory v. Mitchell* factors. The factors are: (1) undue delay, bad faith, or dilatory motive on the part of the movant; (2) repeated failure to cure deficiencies by amendments previously allowed; (3) undue prejudice to the opposing party by virtue of allowance of the amendment; and (4) futility of the amendment. *Id.* Here, the parties do not expressly address any of these factors. However, the Court interprets that the only factor the parties dispute is undue delay  and / or motive behind the proposed amendment. When analyzing this factor, the Court must determine whether or not the amendment will cause an undue delay, is in bad faith, or that the movant has some dilatory motive in filing the motion.

The Fifth Circuit has indicated that "[a] litigant's failure to assert a claim as soon as he could have is properly a factor to be considered in deciding whether to grant leave to amend.  Merely because a claim was not presented as promptly as possible, however, does not vest the district court with authority to punish the litigant." *Carson v. Polley*, 698 F.2d 562, 584 (5th Cir. 1982) (finding that delay of four months between time pro se attorneys were assigned to case and time second amended complaint was filed did not warrant denial of motion to amend).

On the other hand, the bare fact that an amendment is filed within the confines of the Court's

Scheduling Order does not alone make a claim timely. *See Mayeaux,* 376 F.3d at 427. Instead, the Court must look to the "procedural posture" of the case to determine whether the delay actually prejudices the nonmovant. *See id.* at 426-27 ("The delay must be undue, i.e., it must prejudice the nonmoving party or impose unwarranted burdens on the court.") (emphasis in original). The Fifth Circuit has held that when leave to amend would cause severe prejudice to defendants, it should be denied. *Mayeaux,* at 427; *Smith v. RMC Corp.,* 393 F.3d at 595-97 (5th. Cir. 2004).

Plaintiffs filed the instant motion on February 26, 2014. *See* R. Doc. 39. The Scheduling Order issued by this Court, set forth the amendment to pleading deadline as February 28, 2014. *See* R. Doc. 32. Therefore, Plaintiffs' motion is timely filed. Neither Plaintiffs' nor Defendant's motion / opposition indicates whether or not any discovery has begun, so as to determine whether adding APC now would cause an undue delay of this action. Rather, both Plaintiffs and Defendant contends that APC is a party that may be liable with the Defendant for the Plaintiffs' damages. Furthermore, the trial in this matter is scheduled to begin on October 20, 2014. Therefore, Plaintiffs' motion is granted.

## IV.    Conclusion

**IT IS ORDERED** that Plaintiffs' **Motion for Leave to File Second Supplemental and Amended Complaint (R. Doc. 39)** is **GRANTED**. The Clerk is directed to file the proposed pleading into the record.

New Orleans, Louisiana, this 24th day of March 2014

**KAREN WELLS ROBY**
**UNITED STATES MAGISTRATE JUDGE**